ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

WILLIAM S. HUNT        1259-1
TINA L. COLMAN         8321-1
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i  96813
Telephone:    (808) 524-1800
Facsimile:    (808) 524-4591
E-mail:   whunt@ahfi.com
          tcolman@ahfi.com

Attorneys for Plaintiff
CHEVRON PRODUCTS CO.,
A DIVISION OF CHEVRON USA, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 29 2006

at __2__ o'clock and __ min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHEVRON TEXACO PRODUCTS COMPANY, A DIVISION OF CHEVRON U.S.A. INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIG ISLAND ASPHALT CO., INC. and HAWAIIAN ASPHALT COMPANY, INC., <br><br> Defendants. | Civil No.  CV05-00237 HG KSC <br><br> **MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS BIG ISLAND ASPHALT CO., INC. AND HAWAIIAN ASPHALT COMPANY, INC.** <br><br> Hearing <br> Date:  February 27, 2006 <br> Time:  9:30 a.m. <br> Judge: Magis. Kevin S. Chang |

**MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANTS BIG ISLAND ASPHALT CO., INC. AND HAWAIIAN ASPHALT COMPANY, INC.**

On April 5, 2005, Plaintiff CHEVRON TEXACO PRODUCTS COMPANY, A DIVISION OF CHEVRON U.S.A. INC. ("Plaintiff"), by and through its counsel, Alston Hunt Floyd & Ing, filed this action for specific performance, assumpsit and damages against Defendants

605734-1/7522-2

Big Island Asphalt Co., Inc. ("Big Island Asphalt")and Hawaiian
Asphalt Company, Inc. ("Hawaiian Asphalt")(Collectively
("Defendants"), alleging that Defendant Big Island Asphalt
materially breached the Product Purchase and Equipment Loan
Agreement("Loan Agreement")dated June 29, 2001 and the agreement
for shipment and sale of certain goods to Big Island Asphalt on
credit, wherefore Big Island Asphalt agreed to make timely
payments at an agreed-upon price (Collectively "Agreements").
The Agreements were entered into by and between Defendant Big
Island Asphalt and Plaintiff and secured by a Security Agreement.
Plaintiff claims Defendant Big Island defaulted in its obligation
to Plaintiff by failing to make payments of principal and
interest due under the terms of the Loan Agreement and to make
timely payments for the shipment and sale of certain goods it
received on credit.

Jurisdiction of this Court is based on 28 U.S.C.
section 1332(a)(1).  Service of process was made on both
Defendant Big Island Asphalt and Defendant Hawaiian Asphalt
through Lisa G. Pearring aka Lisa G. Economy on May 13, 2005, as
evidenced by the Return of Service, filed herein on May 19, 2005.
On June 8, 2005, this Court entered Defendants' default for its
failure to respond to or otherwise defend as to the Complaint
filed herein.

On January 23, 2006, Plaintiff filed a Motion for Default
Judgment against Defendants for Defendant Big Island Asphalt's

failure and refusal to make payments of amounts due in the amount of $656,315.28.  In addition, Plaintiff requested an award of reasonable attorneys'fees in the amount of $7,828.14 and costs in the amount of $577.39 for fees and costs of $8,405.53, for a grand total amount of $664,720.63 which was shown by the declaration of counsel.

Plaintiff's Motion was heard on February 27, 2006 before Magistrate Judge Kevin S. C. Chang.  Tina L. Colman appeared on behalf of Plaintiff and a representative for Defendants failed to appear.

### FINDINGS OF FACT

Having reviewed Plaintiff's Motion, the Declaration of Kimberly Smith, Declaration of William S. Hunt, and the record established in this action, the Court finds as follows:

1.  Defendants are and were at all relevant times herein are Hawaii corporations doing business in the State of Hawaii.

2.  On June 29, 2001, Defendant Big Island Asphalt entered into the Loan Agreement with Plaintiff.  The original principal amount of the loan ("Loan")was $263,000.00.

3.  Defendant Big Island Asphalt entered into an agreement for shipping and sale of certain goods with Plaintiff.

4.  Both the Loan Agreement and agreement for shipping and sale of certain goods were secured by a Security Agreement dated June 29, 2001.  Pursuant to the

605734-1/7522-2                                    3

Security Agreement, Defendant Big Island Asphalt granted to Plaintiff a security in all of Defendant Big Island Asphalt's property.

5.   Under the terms and conditions of the Loan Agreement Defendant Big Island Asphalt was to make payments of principal and interest.

6.   Defendant Big Island Asphalt defaulted in its obligation to Plaintiff when it failed to make principal and interest payments under the terms of the Loan Agreement.  Therefore, the full amount of the Loan Agreement is due and payable.

7.   Under the terms and conditions of the agreement for shipping and sales of certain goods, Plaintiff shipped certain goods to Defendant Big Island Asphalt at its request and on credit and Defendant Big Island Asphalt was to make timely payments at the agreed-upon price.

8.   Between March 5, 2003 and January 10, 2005, Defendant Big Island Asphalt ordered and received goods from Plaintiff on credit.

9.   Plaintiff maintained books and accounts of goods ordered by Defendant Big Island Asphalt and delivered and the cost.  Regular invoices were mailed to Defendant Big Island Asphalt setting forth the goods ordered and the price.

10. Plaintiff delivered the goods as ordered by Defendant Big Island Asphalt and conformed and complied with the terms and conditions of the agreement between Plaintiff and Big Island Asphalt.

11. Defendant Big Island Asphalt failed and refused to make payments to Plaintiff under the terms and conditions of the agreement.

12. Defendant Big Island Asphalt breached the Agreements and is liable to Plaintiff by its continuous failure to perform under the terms and conditions of the Agreements.

13. Defendants are not infants or incapacitated persons and have not sought to set aside their default in this action.

14. Plaintiff is not barred or precluded from later seeking all amounts owed for payment on the agreements, liquidated damages and interest which may subsequently be discovered through audits or otherwise.

15. As of April 5, 2005, $85,529.55 was due and owing under the Loan Agreement, plus outstanding accounts receivable in the amount of $570,785.73 for a total of $656,315.28 as shown by the declaration of Kimberly Smith.

16. Defendant Big Island Asphalt failed to pay Plaintiff payments in the amount of $656,315.28.

17.  Defendant Hawaiian Asphalt was formed on August 27, 2004 by the sole shareholder of Defendant Big Island Asphalt.  Defendant Hawaiian Asphalt was formed well after Defendant Big Island Asphalt incurred debts to Plaintiff.

18.  Defendant Hawaiian Asphalt was created to defeat and frustrate Plaintiff's ability to recover the amounts dues and owing from Defendant Big Island Asphalt.

19.  Defendant Hawaiian Asphalt and Defendant Big Island Asphalt have identical equitable ownership, to wit, both are solely owned by Lisa Economy aka Lisa Pearring.

20.  Ms. Economy had domination and control of Defendants Big Island Asphalt and Hawaiian Asphalt.

21.  Defendants Big Island Asphalt and Hawaiian Asphalt have the same directors, officers and management.

22.  Defendants Big Island Asphalt and Hawaiian Asphalt have the same office or business location.

23.  Defendants Big Island Asphalt and Hawaiian Asphalt employ the same employees and/or attorney.

24.  Defendant Hawaiian Asphalt has not been adequately capitalized.

25.  Defendant Hawaiian Asphalt is the alter ego of Defendant Big Island Asphalt.

26.   Defendant Hawaiian Asphalt is a mere continuation or
      reincarnation of Defendant Big Island Asphalt.

27.   As an alter ego and as a mere continuation or
      reincarnation of Defendant Big Island Asphalt,
      Defendant Hawaiian Asphalt is liable to Plaintiff for
      all sums due and owing from Defendant Big Island
      Asphalt to Plaintiff.

28.   Further, Plaintiff should be awarded reasonably
      attorneys' fees in the amount of $7,828.14 and costs in
      the amount of $577.39 for a total of $8,405.53 as shown
      by the Declaration of William S. Hunt

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that Default Judgment be granted in
favor of Plaintiff and against Defendants, jointly and severally,
in the total amount of **$664,720.63**, for payments of the Loan
under the Loan Agreement and payments for goods pursuant to the
agreement in the amount of $656,315.28, attorneys' fees in the
amount of $7,828.14 and costs in the amount of $577.39

DATED: Honolulu, Hawai`i, March 28, 2006.


_____
KEVIN S. C. CHANG
United States Magistrate Judge

========================================================================
*Chevron Texaco Products Company, etc. v. Big Island Asphalt Co., Inc., et al.,*
Civil No. CV05-00237 HG KSC; **MAGISTRATE JUDGE'S FINDINGS OF FACT AND
RECOMMENDATION TO ENTER DEFAULT JUDGMENT AGAINST DEFENDANT BIG ISLAND ASPHALT
CO., INC. AND HAWAIIAN ASPHALT COMPANY, INC.**